UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEVIN RICHARDSON,

    *Petitioner*,

v.

U.S. ATTORNEY,

    *Respondent*.

Civil Action No. 25 - 2552 (LLA)

## MEMORANDUM OPINION

This matter is before the court on consideration of Kevin Richardson's amended petition for a writ of habeas corpus. ECF No. 3. For the following reasons, the court will dismiss Mr. Richardson's amended petition and close the case.

The proper respondent to a habeas petition is the "immediate custodian" of the inmate. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *see Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810-11 (D.C. Cir. 1988) (en banc). The custodian is the warden of the facility in which the petitioner is incarcerated. *Chatman-Bey*, 864 F.2d at 810. "[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Mr. Richardson is currently incarcerated at High Desert State Prison in Indian Springs, Nevada. ECF No. 3, at 3; ECF No. 3-1. Because this court has no jurisdiction over a warden in Nevada, it lacks jurisdiction to hear this case.

Under 28 U.S.C. § 1631, when a court concludes that it lacks jurisdiction, it may dismiss the action or transfer it in the interest of justice. The court finds that it would not be in the interest of justice to transfer the case to the District of Nevada and will therefore dismiss the action.

Mr. Richardson has filed several other habeas petitions—in districts which then transferred the cases to the District of Nevada—and the District of Nevada has ultimately dismissed each. *See, e.g.*, Order at 1, *Richardson v. Bean*, No. 25-CV-77 (D. Nev. Apr. 10, 2025), ECF No. 14 (dismissing habeas petition filed while Mr. Richardson was incarcerated at High Desert State Prison for failure to pay the filing fee or submit an application to proceed *in forma pauperis*); Order at 1-2, *Richardson v. Russell*, No. 23-CV-37 (D. Nev. Apr. 6, 2023), ECF No. 35 (dismissing habeas petition after Mr. Richardson failed to timely comply with the court's orders); Order at 2, *Richardson v. Olson*, No. 22-CV-1887 (D. Nev. Mar. 30, 2023), ECF No. 9 (same); Order at 2, *Richardson v. Baca*, No. 19-CV-564 (D. Nev. Oct. 1, 2019), ECF No. 4 (dismissing Mr. Richardson's habeas petition, which "f[ell] well short of the minimal pleading requirements necessary to sustain a habeas action"). Similar to his previous actions, Mr. Richardson's amended petition is difficult to comprehend and presents "only an incomprehensible assemblage of random words, phrases, and sentence fragments." Order at 2, *Richardson v. Baca*, No. 19-CV-564; *see* ECF No. 3, at 1-4. The petition fails to satisfy the habeas pleading rules and does not otherwise provide a basis for habeas relief. *See Mayle v. Felix*, 545 U.S. 644, 649 (2005) ("Rule 2(c) of the Rules Governing Habeas Corpus Cases . . . instructs the petitioner to 'specify all the grounds for relief available to [him]' and to 'state the facts supporting each ground.'" (second alteration in original)); *see also Gilbert v. United States*, No. 15-CV-587, 2015 WL 1862792, at *1 (D.D.C. Apr. 20, 2015) (dismissing an "incomprehensible" habeas petition instead of transferring it to a court with jurisdiction).

For the foregoing reasons, the court will dismiss this case. A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date: December 9, 2025